UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                  :

YELITZA PICON, *individually and on behalf of all other* :
*persons similarly situated*,          :

                  :       19-CV-9709 (JMF)

          Plaintiff,     :

                  :    ORDER OF DISMISSAL

      -v-          :

                  :

BURNING IN WATER LLC et al.,     :

                  :

         Defendants.   :

                  :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff filed this action on October 21, 2019.  ECF No. 1.  Defendants were served on

October 30, 2019, but failed to enter an appearance or otherwise defend the case.  *See* ECF Nos.

7-8.  Accordingly, the Court directed Plaintiff to file a motion for default judgment and

scheduled a default judgment hearing.  ECF No. 10.  Plaintiff filed the motion, ECF No. 15, but

then sought a forty-five-day adjournment of the hearing, ECF No. 19, and a ninety-day stay of all

deadlines, ECF No. 22.  The Court granted the adjournment and a sixty-day stay, ECF Nos. 20,

23, and directed Plaintiff to file a status letter by June 1, 2020.  Plaintiff failed to do so.  The

Court then ordered Plaintiff to file the required status letter by June 4, 2020, on pain of sanctions,

up to and including dismissal for failure to prosecute.  ECF No. 24.  Plaintiff again failed to meet

the deadline, instead filing a request for an additional sixty-day stay on June 5, 2020.  ECF No.

25.  The Court denied the request and ordered Plaintiff to file a letter stating whether she intends

to proceed with the pending motion for default judgment by noon on June 10, 2020.  ECF No.

26.  Once more, Plaintiff failed to do so, and she has not otherwise indicated any intention of

proceeding with this case.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, Plaintiff was on notice after the June 2, 2020 Order that failing to comply with the Court's Orders could result in dismissal. In light of Plaintiff's apparent total unwillingness to proceed with the case and repeated failure to comply with the Court's orders, dismissal of the case is warranted. *See also* Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order"). Nevertheless, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order

to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: June 12, 2020
      New York, New York

                                  JESSE M. FURMAN
                              United States District Judge